IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-01146-DDD

OGNJEN STANISIC,

    Petitioner,

v.

WILLIAM BARR, MATTHEW T. ALBENCE, CHAD WOLF, JOHN FABBRICATORE, and JOHNNY CHOATE

    Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court are Petitioner Ognjen Stanisic's petition for a writ of habeas corpus (Doc. 1, the "Petition") and motion for temporary restraining order (Doc. 5, the "Motion"). Both the Petition and the Motion seek his immediate release from the Aurora Contract Detention Facility (the "Detention Facility") where he is being held in pre-removal immigration detention. He argues that the Detention Facility has failed to prevent the spread of the novel coronavirus that causes COVID-19, thus violating his constitutional rights. But Mr. Stanisic's petition fails at a threshold step: the Court lacks jurisdiction over it because a conditions-of-confinement claim is not cognizable in a petition for a writ of habeas corpus. The Court thus denies Mr. Stanisic's Petition (Doc. 1) and Motion (Doc. 5).

Mr. Stanisic is a citizen of Montengro who is currently detained by Immigration Customs and Enforcement ("ICE") at the Detention Facility in Aurora. Doc. 1, ¶ 11. In October 2019, Mr. Stanisic was detained after he attended an adjustment-of-status interview with the United State Citizenship and Immigration Services in Salt Lake City. Doc. 9, at 3. A records check performed in advance of that interview revealed Mr. Stanisic is under an active Interpol Red Notice based on violent behavior. *Id.* So ICE took custody of Mr. Stanisic and began removal proceedings. *Id.* He is being held without bond. *Id.*

Mr. Stanisic filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 23, 2020. Doc. 1. He alleges, in short, that the Detention Facility has taken wholly inadequate steps to prevent the spread of the novel coronavirus that causes COVID-19, and the only possible way to ameliorate the threat posed by its spread is his immediate release. Mr. Stanisic filed an emergency motion for a temporary restraining order under Federal Rule of Civil Procedure 65 on May 8, 2020. Doc. 5. Because the Court found the standard for issuing a TRO without notice had not been met, *see* Fed. R. Civ. P. 65(b)(1), the Court instead ordered the Respondents William Barr, Matthew T. Albence, Chad Wolf, John Fabbricatore, and Johnny Choate (together, "Respondents") to show cause why the Petition should not be granted or why a preliminary injunction should not be granted. Doc. 6.

Mr. Stanisic's Petition seeks immediate release on the ground that the Respondents' failure to protect him from the threat posed by COVID-19 violates his constitutional rights. But the Court lacks jurisdiction over this claim because it challenges the conditions of his confinement, not the fact or duration of it. This claim presents an identical jurisdictional issue to the one addressed by the Court in *Basri v. Barr*, 1:20-cv-00940-DDD, 3–11 (D. Colo., May 11, 2020). As explained in *Basri, see id.*

at 3–4, a conditions-of-confinement claim cannot be asserted in a petition for writ of habeas corpus under binding Tenth Circuit precedent:

> Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement. This court has "endorsed this distinction." In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Standifer*, 653 F.3d at 1280 ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits … not through federal habeas proceedings."). Mr. Stansic's Petition challenges the conditions of confinement because, if COVID-19 disappeared tomorrow or he was provided a perfectly socially distanced cell, he would still be lawfully detained. *See Basri*, at 9. A civil-rights action is the proper vehicle for this claim—not a habeas petition. For the reasons stated in *Basri*, the Court lacks jurisdiction to address Mr. Stanisic's Petition and thus dismisses it.

For the foregoing reasons, it is **ORDERED** that Mr. Stanisic's Petition (Doc. 1) and Motion (Doc. 5) are **DENIED**.

DATED: May 26, 2020    BY THE COURT:

Hon. Daniel D. Domenico